UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSEPH QUON,

                          PLAINTIFF,      **AMENDED COMPLAINT**

       -AGAINST-                      **14-CV-9909-RJS**

NEW YORK CITY, POLICE OFFICER SHAREKA
HENRY, POLICE OFFICER JOI GRANT, and POLICE
OFFICER JOHN DOE, individually, and in their capacity
as members of the New York City Police Department,

                         DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Joseph Quon ("Mr. Quon"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about September 26, 2014, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Quon to *inter alia* excessive force and false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Quon, is a United States citizen and at all times here relevant resided at 342 West 48th Street, Apartment 4FW, New York, NY 10036.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Shareka Henry ("PO Henry"), Police Officer Joi Grant ("PO Grant"), and Police Officer John Doe ("PO John Doe") at all times here relevant were Police Officers in the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Quon is 55 years old and works as a self-employed handyman. Mr. Quon was previously a lobby desk clerk for 23 years.

11. On or about September 26, 2014, at approximately 9:00 am, Mr. Quon was at home in his apartment.

12. There was a load banging on the front door of the apartment.

13. Mr. Quon went to the front door and asked who was there.

14. Mr. Quon was dressed only in his underwear.

15. Mr. Quon was informed that the people outside of his door were firemen.

16. The firemen told Mr. Quon there was a leak in his kitchen.

17. Mr. Quon was unaware of any leak in his kitchen.

18. Mr. Quon was surprised that firemen were at his apartment without first being contacted by the building superintendent.

19. Mr. Quon told the people outside of his door that he would check for a leak in his kitchen.

20. The people outside of the door then tried to force open the door with a metal object.

21. Mr. Quon was terrified and shouted at them to stop.

22. The people outside of the door then took the hinges off the door.

23. Mr. Quon tried to brace the door.

24. The people outside then forced open the door.

25. PO Henry, PO Grant and PO John Doe grabbed Mr. Quon.

26. One of the police officers bent back the fingers on Mr. Quon's left hand causing Mr. Quon extreme pain.

27. At the same time, one of the police officers twisted Mr. Quon's right arm behind his back with extreme force.

28. The police officers bent back both of Mr. Quon's elbows, causing the elbows to pop.

29. The police officers pulled Mr. Quon into the hallway outside of the apartment.

30. The police officers forced Mr. Quon onto the floor.

31. One of the police officers then stamped on Mr. Quon's left foot, while another officer forcibly planted her knee into Mr. Quon's shoulders, neck, face and arms.

32. Mr. Quon was in excruciating pain and shouted for the police officers to stop hurting him.

33. Mr. Quon shouted that he was not resisting and was complying with the police officers.

34. One of the police officers grabbed Mr. Quon's arms and cuffed him behind his back.

35. The handcuffs were extremely tight and caused Mr. Quon severe pain.

36. Mr. Quon was face down on the floor and was struggling to breathe.

37. The police officers then grabbed Mr. Quon and sat him upright in the hallway.

38. Mr. Quon told PO Henry, PO Grant and PO John Doe that the handcuffs were too tight and were causing his arms and hands to ache.

39. Mr. Quon repeatedly asked PO Henry, PO Grant and PO John Doe to loosen the cuffs, but the police officers ignored his pleas.

40. Mr. Quon's hands began to go numb as a result of the tightness of the handcuffs.

41. Mr. Quon was sat in the hallway in only his underpants and handcuffed behind his back for approximately twenty minutes.

42. Mr. Quon felt humiliated in front of his neighbors.

43. Mr. Quon was dressed in a shirt and pants and taken by ambulance to Roosevelt Hospital.

44. Mr. Quon was secured to the bench in the ambulance, causing more pain to his arms, wrists and hands.

45. In the ambulance, PO Henry asked Mr. Quon a number of inappropriate questions, including whether Mr. Quon would like to go to dinner with her, and what size Mr. Quon's bed is.

46. Mr. Quon was examined at the hospital and admitted.

47. PO Henry and PO Grant removed the handcuffs from Mr. Quon and left the hospital.

48. Mr. Quon was never issued with a summons and never heard from any of the police officers again.

49. Mr. Quon was released from the hospital after approximately five hours.

50. Mr. Quon had to walk home without any shoes.

51. Mr. Quon continues to feel traumatized by the events of September 26, 2014, and is wary and fearful when he sees police officers.

52. Ms. Quon suffered physical injuries as a result of the incident.

53. Mr. Quon has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

54. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

55. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

56. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

57. Defendants confined Plaintiff.

58. Plaintiff was aware of, and did not consent to, his confinement.

59. The confinement was not privileged.

60. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

61. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

62. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

63. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

64. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

**JURY DEMAND**

65. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

>In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;

>Awarding Plaintiff punitive damages in an amount to be determined by a jury;

>Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;

>And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         June 9, 2015

                                      By:        /s/
                                         Malcolm Anderson (MA 4852)
                                         PetersonDelleCave LLP
                                         Attorney for Plaintiff
                                         233 Broadway, Suite 1800
                                         New York, NY 10279
                                         (212) 240-9075